IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUNIVERSE, LLC, AS TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY, AS TRUSTEE OF THE | § | |
| CERTIFICATE HOLDERS FOR MORGAN | § | |
| STANLEY ABS CAPITAL I INC. | § | |
| TRUST 2007-NC2 MORTGAGE PASS- | § | |
| THROUGH CERTIFICATES, SERIES | § | CIVIL ACTION NO. H-19-2085 |
| 2007-NC2; DEUTSCHE BANK | § | |
| NATIONAL TRUST COMPANY, AS | § | |
| TRUSTEE IN TRUST FOR THE | § | |
| REGISTERED HOLDERS OF MORGAN | § | |
| STANLEY ABS CAPITAL I INC. | § | |
| TRUST 2007-NC2, MORTGAGE PASS | § | |
| THROUGH CERTIFICATES, SERIES | § | |
| 2007-NC2; and SELECT PORTFOLIO | § | |
| SERVICING, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Suniverse LLC ("Plaintiff"), sued defendants Deutsche Bank National Trust Company as Trustee, Select Portfolio Servicing, and Mortgage Electronic Registration Systems, Inc. (collectively "Defendants") in the 458th Judicial District Court of Fort Bend County, Texas, to contest a foreclosure.[1] Defendants

---

[1] See Plaintiff's Original Petition, Exhibit C-1 to Defendants' Notice of Removal, Docket Entry No. 1-4, pp. 1, 12-13. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

timely removed the action to this court.² Pending before the court is Plaintiff's Application for Emergency Ex Parte Temporary Restraining Order and Request for Hearing on Preliminary Injunction ("Plaintiff's Motion") (Docket Entry No. 23). For the reasons stated below, Plaintiff's Motion will be denied.

## I. Factual and Procedural Background

Gladjean Igboanugo purchased real property ("the Property") through warranty deed subject to a mortgage loan from New Century Mortgage Company in October of 2006.³ The Defendants are trustees for the mortgagee rights or servicers for the mortgage. Defendants have noticed the Property for foreclosure sale for default on the mortgage sixteen times between October of 2010 and April of 2019.⁴ Igboanugo conveyed the Property to Plaintiff under a trust agreement on May 24, 2018.⁵

After Defendants noticed the Property for sale on June 4, 2019, Plaintiff brought this action in state court on May 28, 2019, seeking injunctive and declaratory relief to prevent the foreclosure and asserting various Texas statutory and common law claims against Defendants.⁶ On May 29, 2019, Plaintiff obtained an

---

²See Defendants' Notice of Removal, Docket Entry No. 1.

³Plaintiff's First Amended Complaint, Docket Entry No. 19, p. 3 ¶ 10.

⁴Id. at 4-5 ¶ 13.

⁵Id. at 4 ¶ 12.

⁶Plaintiff's Original Petition, Exhibit C-1 to Defendants' Notice of Removal, Docket Entry No. 1-4, pp. 12-21, 28-29.

ex parte temporary restraining order against the sale that expired on June 10, 2019.[7] Defendants removed the action to this court on the basis of diversity jurisdiction on June 7, 2019.[8] While the action was pending, Defendants noticed the Property for foreclosure sale on November 5, 2019.[9] Plaintiff filed its Plaintiff's Motion to stay the foreclosure sale on October 28, 2019.[10] Defendant's responded to the motion on October 30, 2019.[11] Plaintiff filed a reply on October 31, 2019.[12]

## II. **Analysis**

To establish entitlement to preliminary injunctive relief Plaintiff must establish a substantial likelihood that it will prevail on the merits. Canal Authority of State of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974). Defendants argue Plaintiff has not met this burden.[13] To satisfy this element,

---

[7]Ex Parte Temporary Restraining Order Halting Substitute Trustee Foreclosure Sale, Exhibit C-2 to Defendants' Notice of Removal, Docket Entry No. 1-5, p. 3.

[8]Defendants' Notice of Removal, Docket Entry No. 1, pp. 1, 3.

[9]Notice of Foreclosure Sale, Exhibit 5 to Plaintiff's Motion, Docket Entry No. 23-5, p. 1.

[10]Plaintiff's Motion, Docket Entry No. 23.

[11]Defendants' Opposition to Plaintiff's Application for Temporary Restraining Order and Temporary Injunction ("Defendants' Response"), Docket Entry No. 24.

[12]Plaintiff's Reply in Support of Its Application for Emergency Ex Parte Temporary Restraining Order and Request for Hearing on Preliminary Injunction ("Plaintiff's Reply"), Docket Entry No. 25.

[13]Defendants' Response, Docket Entry No. 24, pp. 8-12.

Plaintiff must "present a prima facie case but need not show a certainty of winning." Texas v. United States, 328 F. Supp. 3d 662, 710 (S.D. Tex. 2018); 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2948.3 (3d ed. 2013). Plaintiff contends it has shown sufficient likelihood of success on its claim that the foreclosure is barred by the statute of limitations.[14]

Texas law provides a four-year limitations period for a mortgagee to exercise a right to foreclose. Tex. Civ. Prac. & Rem. Code § 16.035(b). One circumstance under which the limitations period begins to run is when the mortgagee exercises a right to demand full repayment under an optional acceleration clause. Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex. 2001). If the acceleration is abandoned, the limitations period no longer applies. Stewart v. U.S. Bank National Ass'n, 107 F. Supp. 3d 705, 708 (S.D. Tex. 2015).

Plaintiff argues that Defendants never abandoned the acceleration that began when Defendants noticed the Property for sale on April 12, 2013, and that the limitations period therefore expired on April 12, 2017.[15] It is undisputed, however, that Defendants sent notices of default to Igboanugo on November 27, 2013, and October 3, 2014, which offered an opportunity to cure the

---

[14]Plaintiff's Motion, Docket Entry No. 23, pp. 7-12; Plaintiff's Reply, Docket Entry No. 25, pp. 2-3.

[15]Plaintiff's Motion, Docket Entry No. 23, p. 10 ¶¶ 24-25.

-4-

default.[16] Notices with an opportunity to cure are sufficient to show abandonment of a prior acceleration. <u>Boren v. U.S. National Bank Ass'n,</u> 807 F.3d 99, 106 (5th Cir. 2015). The April 12, 2013, acceleration was therefore abandoned, and the four-year limitations does not apply.

Plaintiff also states that Defendants' counsel sent Igboanugo a letter on March 16, 2015, stating that the debt was in default, and stating a pay-off amount that was higher than the original principle. Plaintiff argues that the letter creates a fact issue as to whether the April 12, 2013, acceleration was abandoned.[17] But the letter does not refer to the prior notices of default or acceleration. Plaintiff cites no authority that the letter negated the abandonment shown by the 2013 and 2014 notices of default and opportunity to cure.

Because Plaintiff's limitations defense fails as a matter of law, Plaintiff has not shown sufficient likelihood of success on the merits and is not entitled to injunctive relief. An ex parte temporary restraining order is not appropriate because Defendants have responded, and Plaintiff's requested hearing on a preliminary

---

[16]<u>Id.</u> at 11 ¶ 27; Defendants' Response, Docket Entry No. 24, p. 8 ¶ 33; November 2013 Demand Letter, Exhibit 8 to Plaintiff's Motion, Docket Entry No. 23-8, pp. 1, 2; October 2014 Demand Letter, Exhibit 9 to Plaintiff's Motion, Docket Entry No. 23-9, pp. 1, 2.

[17]Plaintiff's Motion, Docket Entry No. 23, p. 10 ¶ 25; Fair Debt Collection Practices Act Notice, Exhibit 4 to Plaintiff's Motion, Docket Entry No. 23-4.

injunction is not necessary because no relevant facts are in dispute.

### III. Conclusion and Order

For the reasons explained above, Plaintiff's Application for Emergency Ex Parte Temporary Restraining Order and Request for Hearing on Preliminary Injunction (Docket Entry No. 23) is **DENIED**.

**SIGNED** at Houston, Texas, on this 4th day of November, 2019.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE